UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN,
MILWAUKEE DIVISION

| | |
|---|---|
| STACEY L. FUCHS, | ) |
| Plaintiff, | ) Case No: |
| v. | ) Judge |
| EQUIFAX INFORMATION SERVICES LLC, and EXPERIAN INFORMATION SOLUTIONS, INC. | ) |
| Defendants. | ) |

## VERIFIED COMPLAINT

Stacey L. Fuchs ("Plaintiff") brings this action on behalf of herself against defendants Equifax Information Services LLC ("Equifax"), and Experian Information Solutions, Inc. ("Experian") (collectively, "Defendants") as follows:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action against Defendants for damages resulting from their violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 ("FCRA").

2. "Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system." 15 U.S.C. § 1681 (a)(1). "Consumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers." 15 U.S.C. § 1681 (a)(3). "There is a need to ensure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right of privacy." 15 U.S.C. § 1681 (a)(4).

3. Consumer reporting agencies are to "adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner

which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information …" 15 U.S.C. § 1681 (b).

4. Defendants caused Plaintiff to suffer from a mixed or mis-merged credit file. Mixed or mis-merged files occur when credit information relating to one consumer is placed in the file of another, thereby creating a false description of both consumers' credit histories. Equifax and Experian allowed for some other person's Mercury credit card tradeline to report on Plaintiff's credit reports. Allowing such an inaccurate reporting, alone, is a violation of the FCRA. Plaintiff also sent dispute letters to both Equifax and Experian disputing the mixed file Mercury tradeline as inaccurate. But both Equifax and Experian first did not remove the mixed file Mercury account, which is another violation of the FCRA. Plaintiff sent a second round of dispute letters to both Equifax and Experian. Ultimately, Equifax and Experian removed the inaccurate mixed file from Plaintiff's credit reports. Moreover, both Equifax and Experian provided Plaintiff's personal credit file to Mercury, even though they didn't have Plaintiff's permission to do so, which is another violation of the FCRA. Finally, neither Equifax nor Experian provided Plaintiff with her credit file—despite her requests for them, multiple times—in violation of the FCRA.

## **JURISDICTION**

5. Jurisdiction is proper under 28 U.S.C. § 1346(b)(1), 28 U.S.C. § 1331, and 15 U.S.C. § 1681p (FCRA) as this action arises under the laws of the United States.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) as Plaintiff resides in this district and a substantial part of the acts and omissions giving rise to the claims occurred within Wisconsin and this judicial district.

2

Case 2:20-cv-00419-PP   Filed 03/17/20   Page 2 of 17   Document 1

## PARTIES

7. Plaintiff, Stacey L. Fuchs, is a natural person who resides in Green Lake County, Wisconsin.

8. Defendant Equifax is a corporation with its principal place of business located at 1550 Peachtree Street, N.W., Atlanta, Georgia 30309. Its registered agent, Corporation Service Company, is located at 8040 Excelsior Drive, Suite 400, Madison, WI 53717.

9. Equifax is a credit reporting agency that compiles and maintains files on consumers on a nationwide basis for the purpose of furnishing consumer reports to third parties bearing on a consumer's credit worthiness, credit standing, or credit capacity.

10. Defendant Experian is an Ohio corporation with its principal place of business located at 475 Anton Blvd., Costa Mesa, CA 92626. Its registered agent, CT Corporation System, is located at 8020 Excelsior Drive, Suite 200, Madison, WI 53717.

11. Experian is a credit reporting agency that compiles and maintains files on consumers on a nationwide basis for the purpose of furnishing consumer reports to third parties bearing on a consumer's credit worthiness, credit standing, or credit capacity.

12. Defendants regularly conduct business in Wisconsin.

## FACTS

13. In or around September 2019, Plaintiff was in the process of seeking home mortgage financing and accessed her Equifax and Experian credit reports only to discover both credit reports contained inaccurate and derogatory information concerning a Mercury credit card that did not belong to Plaintiff. Plaintiff's Trans Union credit report did not report the Mercury credit card.

14. Her Equifax and Experian credit reports reported a tradeline titled "Mercury

card/fb&t/tsys" with account number 001013****, with a monthly payment around $75, and with a balance of more than $2,400 ("Mercury Account").

15. This Mercury Account did not belong to Plaintiff.

16. Immediately upon discovering the inaccurate reporting, Plaintiff contacted Mercury to remedy this problem. Plaintiff learned that a woman with the same first and last name—but with different middle initial and different social security number—had a Mercury credit card.

17. Equifax and Experian did not use sufficiently rigorous thresholds to match the Mercury Account to the correct consumer, thereby causing the erroneous reporting on her credit reports.

18. Mercury told Plaintiff it would investigate, but Plaintiff never heard back from Mercury. Plaintiff then called Mercury again but did not get satisfaction from Mercury.

19. Plaintiff then promptly filed disputes with Equifax and Experian as early as October 22, 2019 regarding the wrong Mercury Account on her credit reports. Plaintiff disputed to both Equifax and Experian that "This is not my account. I called them to verify that it was not mine and they said they could not speak to me in regard to this account as the personal information did not match. Please remove me from this card as it is not mine."

20. Plaintiff never received a response from Equifax or Experian.

21. Plaintiff paid to access her Equifax and Experian credit reports on her own to discover that the Mercury Account was still on her credit reports well after her dispute letters were sent to Equifax and Experian.

22. As a result, Plaintiff filed a second dispute with Equifax and Experian regarding the wrong Mercury Account on her credit reports. Plaintiff, again, disputed to both Equifax and

Experian that "This is not my account. I called them to verify that it was not mine and they said they could not speak to me in regard to this account as the personal information did not match. Please remove me from this card as it is not mine."

23. Plaintiff, again, did not receive a response from Equifax or Experian.

24. But in March 2019, Plaintiff once again paid to access her credit reports on her own and discovered that Equifax and Experian finally had removed the Mercury Account from her credit reports.

25. After the first set of disputes, Equifax and Experian both improperly verified the Mercury Account on Plaintiff's Equifax and Experian credit reports as accurate.

26. Despite Plaintiff's lawful request for removal of the disputed items pursuant to the FCRA, Equifax and Experian failed to investigate Plaintiff's disputes and failed to remove the disputed items from Plaintiff's credit reports.

27. Upon information and belief Equifax and Experian failed to evaluate or consider any of Plaintiff's information, claims, or evidence, and did not make sufficient—if any—attempts to remove the disputed items within a reasonable time following Equifax's and Experian's receipt of Plaintiff's disputes.

28. The Defendants' actions have damaged Plaintiff in her family's attempt to obtain a mortgage. In addition, Defendants' violations of the FCRA have caused Plaintiff to suffer embarrassment, humiliation, and emotional distress.

29. Plaintiff is disabled, married, and with 2 minor children. Plaintiff and her family are currently renting in a month-to-month lease in a house that is falling apart. The inaccurate and misleading Mercury Account has caused significant emotional stress to both her and her husband,

5

Case 2:20-cv-00419-PP   Filed 03/17/20   Page 5 of 17   Document 1

which has caused Plaintiff to increase her medication concerning anxiety, depression, and insomnia.

30. Plaintiff believes her Equifax credit score was approximately 560 when the Mercury Account was on Plaintiff's Equifax credit report. Now, with the Mercury Account removed, Plaintiff believes her credit score has increased by 100 points to approximately 660.

31. Plaintiff believes her Experian credit score was approximately 570 when the Mercury Account was on Plaintiff's Experian credit report. Now, with the Mercury Account removed, Plaintiff believes her credit score has increased nearly 100 points to approximately 665.

32. Plaintiff's efforts to obtain a mortgage led her to understand that she could not receive a mortgage with credit scores below 620. The inaccurate and misleading Mercury Account kept Plaintiff's credit scores below 620, and was therefore preventing Plaintiff and her family from moving out of their dilapidated rental home and into a home suitable to her family situation and disability thereby causing emotional distress.

33. Plaintiff has suffered damages proximately caused by the conduct of Equifax and Experian, including:

    i. Emotional distress, humiliation, guilt, stress, anxiety, sleepless nights, and loss of focus;

    ii. Time and expense of pulling/reviewing credit reports to verify the reporting of the inaccurate reporting;

    iii. Believing that the Mercury Account reporting may continue to be reported inaccurately through no fault of Plaintiff's and have a chilling effect on her ability to obtain credit for years to come;

    iv. Adverse information on her credit reports and a negative impact to her credit rating;

    v. An inability to improve her credit score during the dispute process;

    vi. A lower credit score; and

6

Case 2:20-cv-00419-PP    Filed 03/17/20    Page 6 of 17    Document 1

vii. Having to hire attorneys to combat the improper credit reporting.

## COUNT I

### Equifax - Failure to assure accuracy

34. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

35. Pursuant to 15 U.S.C. § 1681e(b) whenever Equifax prepares a consumer report it "shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

36. Equifax failed to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit report and credit files maintained and published concerning the Mercury Account tradeline referenced above, in violation of 15 U.S.C. § 1681e(b).

37. Equifax's conduct, action, and inaction as alleged herein was willful, or, in the alternative, negligent.

38. Plaintiff has suffered embarrassment, humiliation, and emotional distress as a result of Equifax's conduct, action, and inaction.

WHEREFORE, Plaintiff requests that this Honorable Court:

a. Enter judgment in her favor and against Equifax;
b. Appropriate statutory penalties for each violation of the FCRA;
c. Actual damages;
d. Punitive damages;
e. Reasonable attorney's fees and the costs of this litigation;
f. Pre-judgment and post-judgment interest at the legal rate;
g. Appropriate equitable relief, including the correction or deletion of the inaccurate or misleading reporting of Plaintiff's tradelines; and
h. Such other relief as the Court deems equitable, just, and proper.

# COUNT II

## Equifax - Failure to reasonably reinvestigate

39. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

40. Pursuant to 15 U.S.C. § 1681i(a)(1)(A) if a consumer disputes any item of information contained in her Equifax credit report, Equifax must "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file…"

41. Pursuant to 15 U.S.C. § 1681i(a)(4) Equifax must "review and consider all relevant information submitted by the consumer" when Equifax conducts any reinvestigation.

42. Plaintiff disputed the Mercury Account tradeline on her Equifax credit report.

43. But Equifax failed to conduct a reasonable investigation of the information in Plaintiff's credit file about the above-mentioned Mercury Account tradeline after receiving actual notice of the inaccuracies.

44. Equifax failed to delete inaccurate information after actual notice of inaccuracies.

45. Equifax failed to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file about the Mercury Account tradeline.

46. Equifax's conduct, action, and inaction as alleged herein was willful, or, in the alternative, negligent.

47. Plaintiff suffered embarrassment, humiliation, and emotional distress as a result of Equifax's conduct, action, and inaction.

WHEREFORE, Plaintiff requests that this Honorable Court:

a. Enter judgment in her favor and against Equifax;
b. Appropriate statutory penalties for each violation of the FCRA;
c. Actual damages;
d. Punitive damages;
e. Reasonable attorney's fees and the costs of this litigation;

f. Pre-judgment and post-judgment interest at the legal rate;
g. Appropriate equitable relief, including the correction or deletion of the inaccurate or misleading reporting of Plaintiff's tradelines; and
h. Such other relief as the Court deems equitable, just, and proper.

## COUNT III

### Equifax – Improper furnishing of Plaintiff's credit report

48. Plaintiff re-alleges and incorporates herein the allegations set forth in the proceeding paragraphs of this Complaint.

49. Equifax's conduct, as delineated above, is a violation of 15 U.S.C. §1681b.

50. Pursuant to 15 U.S.C. §1681b Equifax is not to provide Plaintiff's credit file to companies without determining that these companies had a permissible purpose to obtain Plaintiff's credit file.

51. Equifax improperly provided Plaintiff's credit file to Mercury, First Bank & Trust, or another company without determining that these companies had a permissible purpose to obtain Plaintiff's credit file.

52. Defendant's conduct of providing Plaintiff's credit file to companies without first determining that those companies had a permissible purpose to obtain Plaintiff's credit file constitutes willful non-compliance with the FCRA.

53. Alternatively, Defendant's conduct of providing Plaintiff's credit file to companies without first determining that those companies had a permissible purpose to obtain Plaintiff's credit file constitutes a negligent violation of the FCRA.

WHEREFORE, Plaintiff requests that this Honorable Court:

a. Enter judgment in her favor and against Equifax;
b. Appropriate statutory penalties for each violation of the FCRA;
c. Actual damages;
d. Punitive damages;
e. Reasonable attorney's fees and the costs of this litigation;
f. Pre-judgment and post-judgment interest at the legal rate;

g. Appropriate equitable relief, including the correction or deletion of the inaccurate or misleading reporting of Plaintiff's tradelines; and
h. Such other relief as the Court deems equitable, just, and proper.

## COUNT IV

### Equifax – Failing to provide Plaintiff her credit file

54. Plaintiff re-alleges and incorporates herein the allegations set forth in the proceeding paragraphs of this Complaint.

55. Equifax's conduct, as delineated above, is a violation of 15 U.S.C. §1681g.

56. Pursuant to 15 U.S.C. §1681g. every consumer reporting agency shall, upon request, clearly and accurately disclose to the consumer all information in the consumer's file at the time of the request.

57. Plaintiff sent two dispute letters to Equifax and asked for her credit file, but Equifax failed to provide Plaintiff her credit file both times.

58. Defendant's conduct of failing to provide Plaintiff her credit file constitutes willful non-compliance with the FCRA.

59. Alternatively, Defendant's conduct of failing to provide Plaintiff her credit file constitutes a negligent violation of the FCRA.

WHEREFORE, Plaintiff requests that this Honorable Court:

a. Enter judgment in her favor and against Equifax;
b. Appropriate statutory penalties for each violation of the FCRA;
c. Actual damages;
d. Punitive damages;
e. Reasonable attorney's fees and the costs of this litigation;
f. Pre-judgment and post-judgment interest at the legal rate;
g. Appropriate equitable relief, including the correction or deletion of the inaccurate or misleading reporting of Plaintiff's tradelines; and
h. Such other relief as the Court deems equitable, just, and proper.

## COUNT V

### Experian - Failure to assure accuracy

60. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

61. Pursuant to 15 U.S.C. § 1681e(b) whenever Experian prepares a consumer report it "shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

62. Experian failed to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit report and credit files maintained and published concerning the above-mentioned Mercury Account tradeline, in violation of 15 U.S.C. § 1681e(b).

63. Experian's conduct, action, and inaction as alleged herein was willful, or, in the alternative, negligent.

64. Plaintiff has suffered embarrassment, humiliation, and emotional distress as a result of Experian's conduct, action, and inaction.

WHEREFORE, Plaintiff requests that this Honorable Court:

a. Enter judgment in her favor and against Experian;
b. Appropriate statutory penalties for each violation of the FCRA;
c. Actual damages;
d. Punitive damages;
e. Reasonable attorney's fees and the costs of this litigation;
f. Pre-judgment and post-judgment interest at the legal rate;
g. Appropriate equitable relief, including the correction or deletion of the inaccurate or misleading reporting of Plaintiff's tradelines; and
h. Such other relief as the Court deems equitable, just, and proper.

## COUNT VI

### Experian - Failure to reasonably reinvestigate

65. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

66. Pursuant to 15 U.S.C. § 1681i(a)(1)(A) if a consumer disputes any item of information contained in her Experian credit report, Experian must "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file…"

67. Pursuant to 15 U.S.C. § 1681i(a)(4) Experian must "review and consider all relevant information submitted by the consumer" when Experian conducts any reinvestigation.

68. Plaintiff disputed the Mercury Account tradeline on her Experian credit report.

69. Experian failed to conduct a reasonable investigation of the information in Plaintiff's credit file about the above-mentioned Mercury Account tradeline after receiving actual notice of the inaccuracies.

70. Experian failed to delete inaccurate information after actual notice of inaccuracies.

71. Experian failed to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file about the above-mentioned Mercury Account tradeline.

72. Experian's conduct, action, and inaction as alleged herein was willful, or, in the alternative, negligent.

73. Plaintiff suffered embarrassment, humiliation, and emotional distress as a result of Experian's conduct, action, and inaction.

WHEREFORE, Plaintiff requests that this Honorable Court:

a. Enter judgment in her favor and against Experian;
b. Appropriate statutory penalties for each violation of the FCRA;
c. Actual damages;
d. Punitive damages;
e. Reasonable attorney's fees and the costs of this litigation;
f. Pre-judgment and post-judgment interest at the legal rate;
g. Appropriate equitable relief, including the correction or deletion of the inaccurate or misleading reporting of Plaintiff's tradelines; and

h. Such other relief as the Court deems equitable, just, and proper.

## COUNT VII

### Experian – Improper furnishing of Plaintiff's credit report

74. Plaintiff re-alleges and incorporates herein the allegations set forth in the proceeding paragraphs of this Complaint.

75. Experian's conduct, as delineated above, is a violation of 15 U.S.C. §1681b.

76. Pursuant to 15 U.S.C. §1681b Experian is not to provide Plaintiff's credit file to companies without determining that these companies had a permissible purpose to obtain Plaintiff's credit file.

77. Experian improperly provided Plaintiff's credit file to Mercury, First Bank & Trust, or another company without determining that these companies had a permissible purpose to obtain Plaintiff's credit file.

78. Defendant's conduct of providing Plaintiff's credit file to companies without first determining that those companies had a permissible purpose to obtain Plaintiff's credit file constitutes willful non-compliance with the FCRA.

79. Alternatively, Defendant's conduct of providing Plaintiff's credit file to companies without first determining that those companies had a permissible purpose to obtain Plaintiff's credit file constitutes a negligent violation of the FCRA.

WHEREFORE, Plaintiff requests that this Honorable Court:

a. Enter judgment in her favor and against Experian;
b. Appropriate statutory penalties for each violation of the FCRA;
c. Actual damages;
d. Punitive damages;
e. Reasonable attorney's fees and the costs of this litigation;
f. Pre-judgment and post-judgment interest at the legal rate;
g. Appropriate equitable relief, including the correction or deletion of the inaccurate or misleading reporting of Plaintiff's tradelines; and
h. Such other relief as the Court deems equitable, just, and proper.

## COUNT VIII

### Experian – Failing to provide Plaintiff her credit file

80. Plaintiff re-alleges and incorporates herein the allegations set forth in the proceeding paragraphs of this Complaint.

81. Experian's conduct, as delineated above, is a violation of 15 U.S.C. §1681g.

82. Pursuant to 15 U.S.C. §1681g. every consumer reporting agency shall, upon request, clearly and accurately disclose to the consumer all information in the consumer's file at the time of the request.

83. Plaintiff sent two dispute letters to Experian and asked for her credit file, but Experian failed to provide Plaintiff her credit file both times.

84. Defendant's conduct of failing to provide Plaintiff her credit file constitutes willful non-compliance with the FCRA.

85. Alternatively, Defendant's conduct of failing to provide Plaintiff her credit file constitutes a negligent violation of the FCRA.

WHEREFORE, Plaintiff requests that this Honorable Court:

a. Enter judgment in her favor and against Experian;
b. Appropriate statutory penalties for each violation of the FCRA;
c. Actual damages;
d. Punitive damages;
e. Reasonable attorney's fees and the costs of this litigation;
f. Pre-judgment and post-judgment interest at the legal rate;
g. Appropriate equitable relief, including the correction or deletion of the inaccurate or misleading reporting of Plaintiff's tradelines; and
h. Such other relief as the Court deems equitable, just, and proper

**Plaintiff demands a trial by jury on all issues so triable pursuant to Fed. R. Civ. P. 38.**

Dated: March 17, 2020					Respectfully submitted,

							Stacey L. Fuchs, Plaintiff,

						By:	/s/James M. Smith

							James M. Smith
							Richard J. Doherty
							Doherty Smith, LLC
							105 W. Madison Street
							Suite 1500
							Chicago, IL 60602
							Phone: 866.825.6787
							Fax: 312.319.4084
							JSmith@dohertysmith.com
							RDoherty@dohertysmith.com

# VERIFICATION

Plaintiff Stacey L. Fuchs declares as follows:

1. I am the Plaintiff in this Verified Complaint.

2. I reside in Green Lake County, Wisconsin.

3. I have personal knowledge of myself and my activities, including those set forth in this Verified Complaint. If called to testify, I could and would testify competently and truthfully as to the matters stated in this Verified Complaint.

4. I verify and affirm under penalty of perjury under the laws of the United States of America and the State of Wisconsin that the factual averments in this Verified Complaint concerning myself and my activities are true and correct pursuant to 28 U.S.C. § 1746.

Executed on: _3/17/2020_____

_Stacey L Fuchs_
_____
/s/ Stacey L. Fuchs, Plaintiff

## E-Signature Details

Signed by: Stacey Fuchs
Sent to email: staceyfuchs17@gmail.com
IP Address: 184.97.62.104
Signed at: Mar 17 2020, 1:10 pm CDT