UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN,
MILWAUKEE DIVISION

| | |
|---|---|
| STACEY L. FUCHS, | ) |
| | ) Case No: 20-cv-419-pp |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| TOTAL SYSTEM SERVICES LLC. | ) |
| | ) |
| Defendant. | ) |

## VERIFIED AMENDED COMPLAINT

Stacey L. Fuchs ("Plaintiff") brings this action on behalf of herself against defendant Total System Services LLC ("TSYS" or "Defendant") as follows:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action against TSYS for damages resulting from its violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 ("FCRA").

2. "Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system." 15 U.S.C. § 1681 (a)(1).

3. "Each furnisher must establish and implement reasonable written policies and procedures regarding the accuracy and integrity of the information relating to consumers that it furnishes to a consumer reporting agency." 12 C.F.R. § 1022.42.

4. TSYS—as a furnisher of account information to the credit reporting agencies—caused Plaintiff to suffer from a mixed or mis-merged credit file. Mixed or mis-merged files occur when credit information relating to one consumer is placed in the file of another, thereby creating a false description of both consumers' credit histories. TSYS allowed for some other person's

Mercury credit card tradeline to report on Plaintiff's credit reports as an authorized user account. Plaintiff first called Mercury to complain of the foreign account on her credit reports. But the representative informed her that because she did not identify herself with the correct social security number, Mercury could not help her. Plaintiff then sent dispute letters to the credit reporting agencies Equifax Information Services LLC ("Equifax") and Experian Information Solutions, Inc. ("Experian") disputing the mixed file Mercury tradeline as inaccurate. Upon information and belief TSYS was then sent copies of Plaintiff's dispute letters to investigate. But both Equifax and Experian did not remove the mixed file Mercury account, which is an indication that TSYS conducted an unreasonable investigation into Plaintiff's dispute. Plaintiff sent a second round of dispute letters to both Equifax and Experian. Upon information and belief, TSYS was sent those disputes as well to investigate. Ultimately, Equifax and Experian removed the inaccurate mixed file from Plaintiff's credit reports.

**JURISDICTION**

5. Jurisdiction is proper under 28 U.S.C. § 1346(b)(1), 28 U.S.C. § 1331, and 15 U.S.C. § 1681p (FCRA) as this action arises under the laws of the United States.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) as Plaintiff resides in this district and a substantial part of the acts and omissions giving rise to the claims occurred within Wisconsin and this judicial district.

**PARTIES**

7. Plaintiff, Stacey L. Fuchs, is a natural person who resides in Green Lake County, Wisconsin.

8. Defendant TSYS is a corporation with its principal place of business located in Columbus, Georgia. Its registered agent is CT Corporation System 289 S. Culver Street, Lawrenceville, Georgia 30046-4895.

9. TSYS is a "furnisher of information" as that is defined by the FCRA, 15 U.S.C. § 1681s-2.

10. Defendant regularly conducts business in Wisconsin.

## FACTS

11. In or around September 2019, Plaintiff was in the process of seeking home mortgage financing and accessed her Equifax and Experian credit reports only to discover both credit reports contained inaccurate and derogatory information concerning a Mercury credit card that did not belong to Plaintiff. Plaintiff's Trans Union credit report—correctly—did not report the Mercury credit card.

12. Her Equifax and Experian credit reports reported a tradeline titled "Mercury card/fb&t/tsys" with account number 001013****, with a monthly payment around $75, and with a balance of more than $2,400 ("Mercury Account"). It reported Plaintiff as an authorized use of this account.

13. TSYS is a global payments provider that provides services for Mercury credit cards; including furnishing information to credit reporting agencies regarding Mercury credit card accounts.

14. This Mercury Account did not belong to Plaintiff; nor was she an authorized user of this Mercury Account.

15. Immediately upon discovering the inaccurate reporting, Plaintiff contacted Mercury to remedy this problem. Plaintiff learned that a woman with the same first and last

name—but with different middle initial and different social security number—had a Mercury credit card.

16. Mercury told Plaintiff it would investigate, but Plaintiff never heard back from Mercury. Plaintiff then called Mercury again but did not get satisfaction from Mercury.

17. Plaintiff then promptly filed disputes with Equifax and Experian as early as October 22, 2019 regarding the wrong Mercury Account on her credit reports. Plaintiff disputed to both Equifax and Experian that "This is not my account. I called them to verify that it was not mine and they said they could not speak to me in regard to this account as the personal information did not match. Please remove me from this card as it is not mine."

18. Within 5 days of Plaintiff's disputes to Equifax and Experian, TSYS was given notice of Plaintiff's disputes so that TSYS could investigate Plaintiff's disputes.

19. Plaintiff never received a response from Equifax or Experian.

20. Plaintiff paid to access her Equifax and Experian credit reports on her own to discover that the Mercury Account was still on her credit reports well after her dispute letters were sent to Equifax and Experian.

21. As a result, Plaintiff filed a second dispute with Equifax and Experian regarding the wrong Mercury Account on her credit reports. Plaintiff, again, disputed to both Equifax and Experian that "This is not my account. I called them to verify that it was not mine and they said they could not speak to me in regard to this account as the personal information did not match. Please remove me from this card as it is not mine."

22. Within 5 days of Plaintiff's disputes to Equifax and Experian, TSYS was given notice of Plaintiff's disputes so that TSYS could investigate Plaintiff's disputes.

23. Plaintiff, again, did not receive a response from Equifax or Experian.

24. But in March 2019, Plaintiff once again paid to access her credit reports on her own and discovered that Equifax and Experian finally had removed the Mercury Account from her credit reports.

25. After the first set of disputes, TSYS improperly verified the Mercury Account on Plaintiff's Equifax and Experian credit reports as accurate.

26. Despite Plaintiff's lawful request for removal of the disputed items pursuant to the FCRA, TSYS failed to investigate Plaintiff's disputes and failed to instruct Equifax and Experian to remove the disputed items from Plaintiff's credit reports.

27. Upon information and belief TSYS failed to evaluate or consider any of Plaintiff's information, claims, or evidence, and did not make sufficient—if any—attempts to instruct Equifax or Experian to remove the disputed items within a reasonable time following TSYS's receipt of Plaintiff's disputes.

28. TSYS's actions have damaged Plaintiff in her family's attempt to obtain a mortgage. In addition, TSYS's violations of the FCRA have caused Plaintiff to suffer embarrassment, humiliation, and emotional distress.

29. Plaintiff is disabled, married, and with 2 minor children. Plaintiff and her family are currently renting in a month-to-month lease in a house that is falling apart. The inaccurate and misleading Mercury Account has caused significant emotional stress to both her and her husband, which has caused Plaintiff to increase her medication concerning anxiety, depression, and insomnia.

30. Plaintiff believes her Equifax credit score was approximately 560 when the Mercury Account was on Plaintiff's Equifax credit report. Now, with the Mercury Account removed, Plaintiff believes her credit score has increased by 100 points to approximately 660.

31. Plaintiff believes her Experian credit score was approximately 570 when the Mercury Account was on Plaintiff's Experian credit report. Now, with the Mercury Account removed, Plaintiff believes her credit score has increased nearly 100 points to approximately 665.

32. Plaintiff's efforts to obtain a mortgage led her to understand that she could not receive a mortgage with credit scores below 620. The inaccurate and misleading Mercury Account kept Plaintiff's credit scores below 620 and was therefore preventing Plaintiff and her family from moving out of their dilapidated rental home and into a home suitable to her family situation and disability thereby causing emotional distress.

33. Plaintiff has suffered damages proximately caused by the conduct of TSYS, including:

   i. Emotional distress, humiliation, guilt, stress, anxiety, sleepless nights, and loss of focus;
   ii. Time and expense of pulling/reviewing credit reports to verify the reporting of the inaccurate reporting;
   iii. Believing that the Mercury Account reporting may continue to be reported inaccurately through no fault of Plaintiff's and have a chilling effect on her ability to obtain credit for years to come;
   iv. Adverse information on her credit reports and a negative impact to her credit rating;
   v. An inability to improve her credit score during the dispute process;
   vi. A lower credit score; and
   vii. Having to hire attorneys to combat the improper credit reporting.

## COUNT I

### Failure to investigate

34. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

35. Pursuant to 15 U.S.C. § 1681s-2(b)(1)(A), after TSYS received notice of Plaintiff's written disputes to Equifax and Experian, TSYS was to conduct investigations with respect to the

6

Case 2:20-cv-00419-PP   Filed 09/15/20   Page 6 of 10   Document 29

information Plaintiff disputed.

36. Pursuant to 15 U.S.C. § 1681s-2(b)(1)(B), after TSYS received notice of Plaintiff's written disputes to Equifax and Experian, TSYS was obligated to review all relevant information provided to TSYS through Equifax and Experian.

37. Pursuant to 15 U.S.C. § 1681s-2(b)(1)(C), TSYS was required to report the results of the investigations caused by Plaintiff's several disputes to the consumer reporting agencies.

38. Pursuant to 15 U.S.C. § 1681s-2(b)(1)(D), if TSYS's investigations show that the information being reported is incomplete or inaccurate then TSYS must report the results to all other consumer reporting agencies to which it furnished the information and that compile and maintain files on consumers on a nationwide basis.

39. Pursuant to 15 U.S.C. § 1681s-2(b)(1)(E), if an item investigated by TSYS is found to be inaccurate, incomplete, or cannot be verified after any reinvestigation, then TSYS must promptly: modify the information; delete the information; or permanently block the reporting of the information.

40. TSYS was provided notice of Plaintiff's written disputes to Equifax and Experian.

41. TSYS failed to fully and properly investigate all of Plaintiff's disputes about the inaccurate Mercury Account—if any investigations were done at all.

42. TSYS failed to review all relevant information provided by Equifax, and Experian relating to Plaintiff's disputes as to the inaccurate Mercury Account—if any information was reviewed at all.

43. TSYS failed to correct the inaccurate information contained in Plaintiff's credit reports after receiving the various notices about Plaintiff's disputes to the credit reporting agencies.

44. TSYS's conduct, action, and inaction as alleged herein was willful, or, in the alternative, negligent.

45. Plaintiff has suffered embarrassment, humiliation, and emotional distress because of TSYS's failure to fully and properly investigate Plaintiff's disputes.

WHEREFORE, Plaintiff requests that this Honorable Court:

a. Enter judgment in her favor and against TSYS;
b. Appropriate statutory penalties for each violation of the FCRA;
c. Actual damages;
d. Punitive damages;
e. Reasonable attorney's fees and the costs of this litigation;
f. Pre-judgment and post-judgment interest at the legal rate;
g. Appropriate equitable relief, including the correction or deletion of the inaccurate or misleading reporting of Plaintiff's fraudulent school loan tradelines; and
h. Such other relief as the Court deems equitable, just, and proper.

**Plaintiff demands a trial by jury on all issues so triable pursuant to Fed. R. Civ. P. 38.**

Dated: July 3, 2020

Respectfully submitted,

Stacey L. Fuchs, Plaintiff,

By: /s/James M. Smith

James M. Smith
Richard J. Doherty
Doherty Smith, LLC
9501 W. 144th Place, Suite 101
Orland Park, IL 60462
Phone: 866.825.6787
Fax: 312.319.4084
JSmith@dohertysmith.com
RDoherty@dohertysmith.com

# VERIFICATION

Plaintiff Stacey L. Fuchs declares as follows:

1. I am the Plaintiff in this Verified Amended Complaint.

2. I reside in Green Lake County, Wisconsin.

3. I have personal knowledge of myself and my activities, including those set forth in this Verified Amended Complaint. If called to testify, I could and would testify competently and truthfully as to the matters stated in this Verified Amended Complaint.

4. I verify and affirm under penalty of perjury under the laws of the United States of America and the State of Wisconsin that the factual averments in this Verified Amended Complaint concerning myself and my activities are true and correct pursuant to 28 U.S.C. § 1746.

Executed on: 7/3/2020

*Stacey Fuchs*
ID MMA1gdpfhqbbZpyCyaotefpG

/s/ Stacey L. Fuchs, Plaintiff

# E-Signature Details

**Signer ID:** **MMA1gdpfhqbbZpyCyaotefpG**
Signed by: Stacey Fuchs
Sent to email: staceyfuchs17@gmail.com
IP Address: 184.100.150.70
Signed at: Jul 3 2020, 9:59 am CDT